IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL C. HUDSON | ) |
| | ) |
| v. | ) NO. 3:10-0963 |
| | ) |
| DENNIS THRASHER, et al. | ) |

TO:   Honorable Aleta Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 28, 2010 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 22) of defendant Ronald Blanton. For the reasons set out below, the Court recommends that the claims against Defendant Ronald Blanton be dismissed with prejudice.

## I. BACKGROUND

The pro se plaintiff, an inmate at the Sumner County Jail ("Jail"), filed this civil action in the Sumner County Chancery Court asserting civil rights and negligence claims against five named defendants - Dennis Thrasher, Sonya Troutt, Doug Canter, Ronald Blanton, and Houston Calloway. On October 13, 2010, the action was removed to the

Middle District of Tennessee.  See Docket Entry No. 1.  Answers have been filed by defendants Canter and Troutt (Docket Entry No. 9) and Calloway and Thrasher (Docket Entry No. 20), and a scheduling order has been entered.

By Order entered December 7, 2010 (Docket Entry No. 18), the Court noted that defendant Blanton appeared to have filed a motion to dismiss in the state court on October 21, 2010, and that the plaintiff had filed a motion in state court on November 29, 1010, to amend his complaint so as to dismiss defendant Blanton without prejudice.  Given the plaintiff's apparent desire to dismiss defendant Blanton from the action, the Court gave defendant Blanton until December 27, 2010, to file a response to the plaintiff's motion to amend or file a notice that he had no opposition to the motion.

On December 13, 2010, defendant Blanton filed the pending motion to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 22) and stated that he opposed the plaintiff's motion to dismiss without prejudice. See Docket Entry No. 22, at n.1.  By Order entered December 14, 2010 (Docket Entry No. 24), the Court gave the plaintiff a deadline of January 5, 2011, to either file a response to the motion to dismiss or file a notice altering his request to dismiss defendant Blanton to a dismissal with prejudice.  To date, the plaintiff has not responded in any manner to the Court's directive set out in the Order entered December 14, 2010, and has not made any other type of filing with the Court.

## II. ANALYSIS

The plaintiff's motion to amend seeking dismissal of defendant Blanton was filed in the state court well after removal of this action. See Docket Entry No. 16-1. Whether filed in state court by the plaintiff in error or because he was not aware of the removal of the action, the motion to amend, like any motion filed in the state courts subsequent to removal, is essentially a nullity. See Wiedman v. Citywide Banks, 2009 WL 117873 (E.D. Pa. Jan 15, 2009); Brown v. Kerkhoff, 462 F.Supp.2d 976, 980 (S.D. Iowa 2006).

However, it is nonetheless apparent that the plaintiff does not seek to prosecute his claims against defendant Blanton. By the Order entered December 14, 2010 (Docket Entry No. 24), the plaintiff was given a specific directive to either respond to the motion to dismiss or to file a notice by January 5, 2011, altering his request to dismiss defendant Blanton to a request to dismiss with prejudice. The plaintiff has not responded to either the Court's directive or to the pending motion to dismiss.

Accordingly, the Court finds that dismissal of the plaintiff's claims against defendant Blanton is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). The fact that the plaintiff has failed to respond to the motion to dismiss and failed to make any filings as directed in the Court's Order of

December 14, 2010, which specifically required a response from him, indicates that he no longer desires to prosecute the action against defendant Blanton.

## RECOMMENDATION

For the reasons set out herein, the Court respectfully RECOMMENDS that the claims against Defendant Ronald Blanton be DISMISSED WITH PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure and that Defendant Ronald Blanton be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge