IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL C. HUDSON ) | |
| ) | |
| v.            ) | NO. 3:10-0963 |
| ) | |
| DENNIS THRASHER, et al.     ) | |

TO:   Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered October 28, 2010 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion for summary judgment filed by Defendants Dennis Thrasher and Huston Callaway (Docket Entry No. 51) and the motion to dismiss (Docket Entry No. 55) and renewed motion to dismiss (Docket Entry No. 72) filed by Defendants Sonya Troutt and Doug Canter. For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

### I. BACKGROUND

During August 2010, the plaintiff was an inmate at the Sumner County, Tennessee Jail ("Jail") and approached Jail officials concerning information about a possible murder that had been committed by one of the inmates being held at the Jail. As a result, the plaintiff met with Gallatin

Police Department Officers Dennis Thrasher and Huston Callaway at the Jail on August 23, 2010. Officer Thrasher consulted with Sumner County Assistant District Attorney Ronald Blanton about the matter and the plaintiff was fitted with a recording device that day, which he wore upon his return to the cellblock area of the Jail in an attempt to gather information. The recording device was removed from the plaintiff that evening, and he met with Officer Callaway the next day to again wear the recording device but the investigation into the matter was terminated and the plaintiff did not wear a recording device that day or otherwise provide further assistance to the investigation.

The plaintiff alleges that he was told by Thrasher and Callaway that in return for wearing the recording device, Blanton would get the plaintiff released from the Jail within a few days but that this did not happen. Furthermore, he alleges that it became known among inmates at the Jail that he wore a recording device yet he was kept in the same housing area at the Jail which housed the inmate about whom he was attempting to gather information and the inmate's brother, who was also an inmate at the Jail. The plaintiff asserts that his personal safety was placed at risk because of this situation and that the two inmates threatened both him and his family members, whose addresses they obtained from the plaintiff's incoming mail at the Jail.

On September 21, 2010, the plaintiff, who was still an inmate at the Jail at the time, initiated this action in the Sumner County Chancery Court by filing a "Motion to Seek Relief" against Officers Thrasher and Callaway; Jail Administrator Sonya Troutt, Jail Assistant Administrator and Captain Doug Canter; and Assistant District Attorney Blanton. See Docket Entry No. 1-2, at 7. He set forth claims of negligence and claims for violations of his Eighth Amendment rights to be free from "cruel and unusual punishment, excessive force, guard brutality, dangerous or restrictive conditions, endangerment, or unsanitary living conditions." Id. at 4. As relief, the plaintiff sought

2

a federal investigation into corruption at the Jail, compensatory damages, and that all criminal charges pending against him be "nollied, dismissed and I be released immediately." Id. at 6.

On October 13, 2010, the defendants removed the action to this Court on the basis that the complaint raised federal questions by the allegations of federal constitutional violations. See Docket Entry No. 1. Answers have been filed by Canter and Troutt (Docket Entry No. 9) and Calloway and Thrasher (Docket Entry No. 20), and a scheduling order (Docket Entry No. 27) and amended scheduling order (Docket Entry No. 65) have been entered. By Order entered March 16, 2011 (Docket Entry No. 37), Defendant Blanton was dismissed from the action. It appears from the record in the action that the plaintiff is no longer incarcerated.[1]

## II. THE PENDING MOTIONS

By their motion for summary judgment, Defendants Thrasher and Callaway contend that there is no evidence before the Court which supports an Eighth Amendment civil rights claim or a negligence claim against them as alleged by the plaintiff. They further argue that the plaintiff failed to exhaust his available administrative remedies prior to filing his action, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants Thrasher and Callaway support

---

[1] The plaintiff stated in his most recent filing with the Court that he was incarcerated at the Robertson County Jail as of June 2011, but had a state court hearing set on July 15, 2011, at which time he might be released. See Plaintiff's Response (Docket Entry No. 67). In Defendant Troutt and Canter's Re-notice of Filing Discovery, filed on July 19, 2011 (Docket Entry No. 68), counsel asserted that he had contacted the Robertson County Jail and was informed that the plaintiff had been released on July 15, 2011. Because the plaintiff's most recent change of address notice, filed June 14, 2011 (Docket Entry No. 61), requested that all court mail be sent to his home address, even though he was incarcerated at the time, no change of address notice was required to be filed by the plaintiff upon his release from the Robertson County Jail. Accordingly, the Court assumes that the plaintiff is no longer incarcerated at either the Sumner County Jail or the Robertson County Jail and is residing at the address provided in his most recent change of address notice.

their motion with their own affidavits (Docket Entry Nos. 51-2 and 51-3) and with a transcript of the conversation they had with the plaintiff during their meeting on August 23, 2010. See Docket Entry No. 51-1. The plaintiff has not responded in any manner to the defendants' motion for summary judgment despite being notified of the motion and given a deadline of June 30, 2011, to respond. See Order entered May 25, 2011 (Docket Entry No. 54).

Defendants Troutt and Canter filed their initial motion to dismiss (Docket Entry No. 55) on May 25, 2011, asserting that the plaintiff had failed to serve upon them answers to their discovery requests. The plaintiff responded by asserting that he had not received the discovery requests. See Docket Entry No. 60. The Court then issued several orders in an attempt to ensure that the plaintiff received the written discovery at issue. See Orders entered June 24, 2011 (Docket Entry No. 62); July 7, 2011 (Docket Entry No. 65); and August 15, 2011 (Docket Entry No. 69). By the Order entered August 15, 2011, the plaintiff was given until August 29, 2011, to serve discovery responses on the Defendants and to file a notice with the Court indicating the date on which he served his responses on the defendants. See Docket Entry No. 69, at 2.

In their renewed motion to dismiss (Docket Entry No. 72), Defendants Troutt and Canter assert that, on July 12 and 19, 2011, they sent their written discovery requests to the plaintiff at his address of record with the Court, but that the plaintiff has failed to serve responses upon them and failed to file a notice of compliance with the Court by the August 29, 2011, deadline imposed by the Court in its Order of August 15, 2011. The plaintiff has not responded in any manner to the defendants' renewed motion to dismiss.

## III. ANALYSIS

A. Nature of the Plaintiff's Action

Initially, the Court notes that several issues limit the viability of the plaintiff's action regardless of the defendants whom he sues.

First, nowhere in the plaintiff's Motion for Relief does he set out under what authority his action is brought. His request for relief challenging the fact or duration of his confinement could be liberally construed as a request for habeas corpus relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Indeed, any claims for federal injunctive relief challenging his current confinement must be pursued via one of those remedies. See Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, exhaustion of state court remedies is required prior to relief under either of these statutes. Because the plaintiff's motion contains no allegations regarding exhaustion, the Court declines to construe the complaint as one seeking federal habeas corpus relief.[2]

Second, if the Court construed the complaint as one seeking relief under 42 U.S.C. § 1983 for violations of the plaintiff's constitutional rights committed under color of state law, the plaintiff's request for injunctive relief concerning his confinement is not cognizable under Section 1983. See Preiser, 411 U.S. at 488-90. Further, to the extent that he requests injunctive relief seeking the dismissal of current pending criminal charges, abstention under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), would prevent such relief.

Third, insofar as the plaintiff seeks compensatory damages for emotional distress or mental suffering, dismissal of such a claim is appropriate because the PLRA requires that any action for

---

[2] Assuming the plaintiff is no longer incarcerated, the request seeking his immediate release from incarceration is rendered moot.

mental or emotional injury suffered while in custody is barred unless the prisoner can show he suffered a physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Because the plaintiff has not alleged that he suffered any injury whatsoever from the alleged wrongdoings, the plaintiff has failed to plead a claim for compensatory damages that meets the PLRA's threshold.

Finally, the plaintiff's failure to seek to have his claims resolved through administrative remedies at the Jail while confined there requires dismissal of his action pursuant to the PLRA, which states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This statute requires a prisoner plaintiff to exhaust all available administrative remedies prior to filing a lawsuit under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). See also Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In the instant action, the defendants have either raised or preserved the defense of failure to exhaust,[3] yet the plaintiff has not set forth evidence showing that

---

[3] Defendants Thrasher and Calloway raise the defense in their motion, see Docket Entry No. 51, at 4, and defendants Troutt and Canter preserve the defense in their Answer. See Docket Entry No. 9, at 3.

he has complied with the requirements of exhaustion as he is required to do once the defense has been raised. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011).

B. Defendants Thrasher and Callaway

Summary judgment should be granted to Defendants Thrasher and Callaway. The defendants raise several meritorious defenses to the claims brought against them. The plaintiff has failed to rebut these defenses and offer evidence supporting his claims. No reasonable jury could find in favor of the plaintiff on his claims against these two defendants based on the evidence that is before the Court.

It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). It is undisputed that the only involvement Defendants Thrasher and Callaway had with the plaintiff was coordinating his cooperation with the investigation and fitting him with a recording device at the Jail. There is no evidence before the Court showing that Defendants Thrasher and Callaway had any personal involvement in the conditions of the plaintiff's confinement at the Jail. Accordingly, summary judgment is warranted in favor of these two defendants on the plaintiff's Eighth Amendment conditions of confinement claims.

To the extent that the plaintiff's complaint can be construed as asserting some type of constitutional claim based upon his belief that he was entitled to relief on his criminal charges or his confinement at the Jail in exchange for wearing the recording device, his allegations fail to state a

cognizable claim against Defendants Thrasher and Callaway. The plaintiff has not shown that his federal constitutional rights were violated by these actions, even if taken as true.

C. Defendants Troutt and Canter

By the Order entered August 15, 2011 (Docket Entry No. 69), the plaintiff was given a deadline of August 29, 2011, to serve upon Defendants Troutt and Canter his responses to their outstanding discovery requests and to file a notice with the court indicating the date on which he served his responses. No such notice was filed by the Plaintiff, and Defendants Troutt and Canter assert in their motion that the plaintiff has not served upon them his responses to their discovery requests. The plaintiff has not responded to the motion of the defendants or otherwise responded to the Court's order of August 15, 2011.

Rule 37(d) of the Federal Rule of Civil Procedure provides that the Court may, upon motion, impose sanctions if a party fails to respond after being properly served with interrogatories. Such sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi), including "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). See United States v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002). The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Factors to be considered in determining whether the sanction of dismissal is appropriate include: (1) whether there is willfulness, bad faith, or fault on the part of the party in failing to cooperate in discovery; (2) whether the adversary was prejudiced by the opposing party's failure to

cooperate in discovery; (3) whether the non-cooperative party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions are appropriate. Taylor v. Medtronics, Inc., 861 F.2d 980, 987 (6th Cir. 1988); Regional Refuse Sys., supra.

The plaintiff's failure to respond to the defendants' interrogatories warrants dismissal of the action under Rule 37(d). The plaintiff has not offered any explanation as to why he has failed to respond to the discovery requests, and his failure in this regard permits the Court to presume willfulness and bad faith on the part of the plaintiff. See Reyes, 307 F.3d at 458. Additionally, the defendants have been prejudiced by the plaintiff's failure to cooperate in discovery because they have been prevented from obtaining fact discovery and have been hindered in defending the claims brought against them. The defendants' pending motions provided notice to the plaintiff of the possibility of dismissal of the action because of his failure to engage in discovery. Reyes, supra. In addition, the Court, in its Orders entered July 7, 2011 (Docket Entry No. 65), and August 15, 2011 (Docket Entry No. 69), specifically warned the plaintiff that his failure to serve his discovery responses upon the defendants could result in a recommendation that this action be dismissed. The Court went to some length to ensure that the plaintiff received the defendants' written discovery and that he was aware of his obligations and the consequences of failing to respond. See Docket Entry Nos. 65 and 69. Given the plaintiff's failure to respond in any manner to the discovery requests and his failure to make any response to the motions to dismiss, a lesser sanction is not workable or warranted.[4]

---

[4] While the defendants could have filed a motion to compel the plaintiff to respond to the written discovery, Rule 37(d) does not require a court order compelling discovery prior to seeking dismissal as a sanction. See Reyes, 307 F.3d at 457-58; Reitz v. City of Mt. Juliet, 2009 WL 4110254, *3 (M.D. Tenn. Nov. 20, 2009) (Trauger, J.). The plaintiff's disregard of the two motions to dismiss provides additional support for the conclusion that lesser sanctions would be unavailing.

Furthermore, the plaintiff's conduct merits dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to engage in discovery as set out supra evidences a clear record of delay and a failure to prosecute on his part. Additionally, the plaintiff's lack of interest in prosecuting the action is evidenced by his failure to respond in any manner to the pending motion for summary judgment and to Defendants Troutt and Canter's renewed motion to dismiss and his disregard of the Court's directive that he file a notice of compliance with the August 15, 2011, Order.

The plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the impasse in the action caused by plaintiff's conduct, and the needless expenditure of resources by both the Court and defendants caused by plaintiff's conduct.

## RECOMMENDATION

For the reasons set out herein, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment filed by Defendants Dennis Thrasher and Huston Callaway (Docket Entry No. 51) and the motion to dismiss (Docket Entry No. 55) and renewed motion to dismiss (Docket Entry No. 72) filed by Defendants Sonya Troutt and Doug Canter be GRANTED; and

2) that this action be DISMISSED WITH PREJUDICE in its entirety for the reasons set out herein.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge